William T. HIGGINS,
petitioner, Respondent,

v.

Charles TURNBULL, Administrator of
Minnesota Veterans Home, et
al., Appellants.

No. C4–85–1106.

Court of Appeals of Minnesota.

Feb. 4, 1986.

Kathleen M. Davis, M. Francesca Chervenak, Minneapolis, for respondent.

Hubert H. Humphrey, III, Atty. Gen., Merwin Peterson, Asst. Atty. Gen., St. Paul, for appellants.

Heard, considered and decided by WOZNIAK, P.J., and FORSBERG and NIERENGARTEN, JJ.

## °OPINION

FORSBERG, Judge.

Charles Turnbull, Administrator of the Minnesota Veterans Home (the home) and William Gregg, Commissioner of the Minnesota Department of Veteran Affairs appeal from an *ex parte* order by the Hennepin County Court issued May 31, 1985. The order restored William T. Higgins to possession of his room at the Minnesota Veterans Home after he was locked out in his absence by appellants.

Higgins and the Commissioner of Veterans Affairs are parties in another, related appeal recently decided by this court, *L.K. v. Gregg*, 380 N.W.2d 145 (Minn.Ct.App. 1986). In *L.K.* Higgins and several other residents sought to enjoin the Commissioner from discharging or transferring residents from the home until rules are promulgated under the Minnesota Administrative Procedure Act (M.A.P.A.) and until residents selected for discharge are afforded an opportunity to challenge their removal at a contested case hearing. They also sought a declaratory judgment that the home is operating without the rules required to be promulgated by Minn.Stat. § 198.06 (1984), and cannot discharge or transfer residents except under such rules. The trial court dismissed the action for lack of jurisdiction. The court of appeals reversed and remanded the case, with directions to the trial court to consider all of the claims raised by the appellants in *L.K.*, including their requests for a declaratory judgment and an injunction.

In light of the *L.K.* decision, we dismiss this appeal as moot. We need not decide the appeal because the controversy regarding Higgins' rights upon the Commissioner's attempt to discharge him is governed by the trial court's decision on remand of *L.K.*

Appeal dismissed.